UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 1:12-cr-42-JMS-TAB-01 |
| DWAN TAYLOR, | ) |
| Defendant. | ) |

**PLEA AGREEMENT**

The United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana, and by Barry D. Glickman, Assistant United States Attorney, and the defendant, Dwan Taylor (Taylor), in person and by counsel, Stephen G. Gray, hereby inform the Court that a Plea Agreement has been reached in this cause pursuant to Fed. R. Crim. P. 11(a)(2), 11(c)(1)(A) and 11(c)(1)(C) and the following are its terms and conditions:

1. Taylor will enter a plea of guilty to Count One of the indictment.

2. Count One of the indictment alleges that Taylor possessed with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii) a felony offense which ordinarily may be punished by a term of imprisonment of not less than five years and not more that forty years, a fine of up to $5,000,000.00 and a term of supervised release of not less than four years following any term

of imprisonment. However, because on October 24, 2012, the United States filed an information pursuant to 21 U.S.C. §851 alleging Taylor's prior felony drug conviction, the penalty for the offense charged in Count One of the indictment becomes a term of imprisonment of not less than ten (10) years and not more than life, a fine of up to $8,000,000.00 and a term of supervised release of not less than eight (8) years following any term of imprisonment. The elements of the offense of possession with intent to distribute 500 grams of more of a mixture or substance containing a detectable amount of cocaine are first, that during the time period alleged in the indictment Taylor knowingly or intentionally possessed 500 grams or more of a mixture or substance containing a detectable amount of cocaine with the intent to distribute it; and, second, the defendant knew the substance was a controlled substance.

## GENERAL PROVISIONS

3. Taylor acknowledges that this plea agreement is governed by Fed. R. Crim. P. 11(a)(2), (c)(1)(A) and 11(c)(1)(C) and that the parties are recommending that should the Court accept this plea agreement, he will be sentenced to a range of imprisonment between 120 and 180 months for the offense charged in Count One of the indictment, and that the amount of the fine and the term of supervised release will be left to the discretion of the Court.

4. Taylor further acknowledges that this plea agreement is governed by Fed. R. Crim. P. 11(a)(2), 11(c)(1)(A) and 11(c)(1)(C), and that pursuant to Fed. R. Crim. P. 11(c)(5), if the Court rejects the plea agreement, the Court will advise the defendant personally in open court that the Court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise the defendant that if the defendant persists in a guilty plea that the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

## SPECIFIC PROVISIONS

5.  Taylor will pay a total of $100.00 on the date of sentencing to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

6.  At the time of sentencing, the United States will move to dismiss the remaining counts in the indictment (Counts Two, Three, Four and Five) against Taylor in this case.

7.  Taylor hereby abandons all right, title, and interest that he has in the following property and admits that all of the property is the proceeds of the offense(s) to which he is pleading guilty, and/or was used to facilitate the commission of the offense(s) to which he is pleading guilty. Taylor agrees not to contest, and not to have any other person contest on his behalf, any forfeiture action against the subject property, and agrees not to raise any affirmative defenses to any forfeiture actions brought by the United States, whether the forfeiture action is administrative or judicial, civil or criminal.   The property to be forfeited includes the following:

- One Colt .38 caliber handgun;
- One Beretta .22 caliber semiautomatic handgun;
- One Sterling .22 caliber semiautomatic handgun; and.
- One Fabrique D' Armes .25 caliber semiautomatic handgun;

Taylor acknowledges that he knowingly and voluntarily concedes to the forfeiture of the above referenced assets and disposition of such assets according to law.   Taylor agrees that if he breaches this Plea Agreement and the prosecution is reinstated, these provisions relating to forfeiture of proceeds and facilitating property may not be set aside, and that he may not contest any transfer, judgments, orders, or agreements of forfeiture to the United States into which he has previously entered. Taylor hereby releases the United States from any and all claims,

demands, rights and causes of action of whatsoever kind and nature that he may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the disposition of the subject property, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown.

8. Pursuant to Federal Rule of Criminal Procedure 11(a)(2), the parties agree that Taylor reserves the right, on appeal from the judgment in this cause, to seek review of this Court's ruling of October 29, 2013, denying Taylor's motions to suppress evidence. If Taylor prevails on appeal of this Court's denial of his motion to suppress evidence, he will then be allowed to withdraw his plea of guilty.

9. If Taylor does not prevail on appeal of the Court's denial of his motion to suppress evidence, Taylor agrees that he expressly waives his right to appeal the conviction and any sentence imposed in this case on any and all grounds, including the right to appeal conferred by 18 U.S.C. § 3742. Additionally, Taylor also expressly agrees not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.

...

## FINAL PROVISION

Taylor acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce Taylor to plead guilty. This document is the complete and only plea agreement between Taylor and the United States Attorney for the Southern District of Indiana and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSEPH H. HOGSETT
UNITED STATES ATTORNEY

1/15/14
Date

Barry D. Glickman
Assistant United States Attorney

JANUARY 15, 2014
Date

Dwan Taylor
Defendant

JANUARY 15, 2014
Date

Stephen G. Gray
Attorney for Defendant

## STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime to which I am entering my plea.

I understand that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within 14 days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

Finally, my attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation officer, then USSG § 3C1.1 allows the Court to impose a two (2)-level increase in the offense level.

__JANUARY 15, 2014__             _/s/ Dwan Taylor_
Date                                         Dwan Taylor, Defendant