UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-cr-00042-JMS-TAB |
| | ) | |
| DWAN TAYLOR, | ) -01 | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Defendant, who is represented by retained counsel, filed a Motion for a Reduced Sentence Pursuant to the First Step Act of 2018, Section 401(a)(1)(A). Dkt. 94. In the motion, Defendant presented one argument: The Court should reduce his sentence pursuant to § 401 of the First Step Act. Defendant was, however, sentenced prior to enactment of the First Step Act, and the Seventh Circuit Court of Appeals has held in binding precedent that § 401 of the First Step Act does not apply retroactively. *See e.g., United States v. Jackson*, 940 F.3d 347, 353–54 (7th Cir. 2019) ("We recently held that [§ 401 of] the First Step Act is not retroactive; it only applies to sentences imposed after its execution."); *United States v. Pierson*, 925 F.3d 913, 927–28 (7th Cir. 2019), *judgment vacated and remanded for reconsideration on other grounds sub nom. Pierson v. United States*, 140 S. Ct. 1291 (2020) (holding that defendant's case fell outside of § 401 of the First Step Act because the trial court sentenced him prior to enactment of the First Step Act). In the motion, Defendant's counsel argued that § 401 should apply retroactively but did not mention the binding precedent in *Pierson* and *Jackson*. As a result, the Court ordered Defendant to show cause why his motion should not be summarily denied in line with this binding authority. Dkt. 95.

Defendant responded to the Order to Show Cause. Dkt. 96. He acknowledged that this Court is bound by *Jackson* and *Pierson* and that those cases hold that § 401 of the First Step Act does not apply retroactively to cases in which sentencing occurred before enactment of the First Step Act. *Id.* Nonetheless, he stated that he wanted to ask this Court and then the Seventh Circuit to reconsider the *Jackson* holding. *Id.* He asked the Court to allow him to supplement his original motion and to have the Government respond to the motion prior to ruling to prepare the case for appeal. *Id.*

The Court granted Defendant's argument to the extent that it allowed him 30 days to supplement his motion with whatever arguments, evidence, and information he wished to make a part of the record for appeal. Dkt. 97. The deadline for supplementing the motion has now passed, and, as of the writing of this Order, no such supplement has been filed.

Defendant makes various arguments as to why § 401 of the First Step Act should be applied retroactively. As Defendant concedes, however, those arguments are barred by the binding precedent of *Jackson* and *Pierson*. In these circumstances, the Court does not require a response from the United States to resolve Defendant's motion. Instead, because binding precedent holds that § 401 of the First Step Act does not apply retroactively, Defendant's motion for sentence reduction, dkt. [94], is **denied**.

**IT IS SO ORDERED.**

Date: 7/15/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel